# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
OCT 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

CR 15-529 CRB

WING WO MA,

DEFENDANT(S).

## THIRD SUPERSEDING INDICTMENT

21 U.S.C. § 846 – Conspiracy to Manufacture/Distribute/Possess With Intent to Distribute Marijuana; 18 U.S.C. § 924 (c)(1)(A) – Possession of Firearm In Furtherance of and Use of Firearm During and In Relation to, a Drug Trafficking Crime; 18 U.S.C. § 924(j) – Use of a Firearm During and In Relation to a Drug Trafficking Crime Resulting in Death; 18 U.S.C. §§ 371, 666, 1343, and 1346 - Conspiracy to Commit Honest Services Fraud and Bribery; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 924(d), 981(a)(1)(C); 21 U.S.C. § 853(a), 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_____ Foreman

Filed in open court this _11th_ day of
_October  2018_.

KAREN L. HOM
Clerk

JOSEPH C. SPERO
~~UNITED STATES MAGISTRATE~~

Bail, $ _no price_

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment A (Defendant Information Sheet for Third Superseding Indictment)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
▶ Wing Wo Ma, a/k/a "Mark Ma," a/k/a "Fat Mark"

DISTRICT COURT NUMBER
15-CR-0529 CRB

FILED
OCT 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO. _____

☒ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

Name and Office of Person Furnishing Information on this form   ALEX G. TSE
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Joseph M. Alioto Jr.

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address: _____

Bail Amount: _____

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

*United States v. Wing Wo Ma*
15-CR-00529 CRB

Defendant Information Sheet for Third Superseding Indictment
Attachment A

Count One (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))
    Not less than 5 years and not more than 40 years' imprisonment;
    Not more than $5,000,000 fine;
    Not less than 4 years, and up to a life term of supervised release;
    $100 special assessment;
    Forfeiture;
    Deportation if applicable.

Count Two (18 U.S.C. § 924(c)(1)(A))
    Not less than 5 years and up to a life imprisonment consecutive to any other sentence;
    Not more than $250,000 fine;
    Not more than 3 years supervised release;
    $100 special assessment;
    Forfeiture;
    Deportation if applicable.

Count Three (18 U.S.C. § 924(j))
    Not more than life imprisonment;
    Not more than $250,000 fine;
    Not more than 5 years supervised release;
    $100 special assessment;
    Forfeiture;
    Deportation if applicable.

Count Four (18 U.S.C. § 371)
    Not more than 5 years' imprisonment;
    Not more than 3 years supervised release;
    $100 special assessment;
    Forfeiture;
    Deportation if applicable.

1  ALEX G. TSE (CABN 152348)
   United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WING WO MA, a/k/a "Mark Ma," a/k/a "Fat Mark,"<br><br>    Defendant. | CASE NO. 15-CR-00529 CRB<br><br>VIOLATIONS:<br>21 U.S.C. § 846 – Conspiracy to Manufacture/Distribute/Possess With Intent to Distribute Marijuana; 18 U.S.C. § 924(c)(1)(A) – Possession of Firearm In Furtherance of and Use of Firearm During and In Relation to, a Drug Trafficking Crime; 18 U.S.C. § 924(j) – Use of a Firearm During and In Relation to a Drug Trafficking Crime Resulting in Death; 18 U.S.C. §§ 371, 666, 1343, and 1346 – Conspiracy to Commit Honest Services Fraud and Bribery; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 924(d), 981(a)(1)(C); 21 U.S.C. § 853(a), 28 U.S.C. § 2461(c) – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE |

T H I R D   S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

COUNT ONE:     (21 U.S.C. § 846 – Conspiracy to Manufacture and to Distribute and to Possess with Intent to Distribute Marijuana)

1. Beginning on a date unknown to the Grand Jury, but from in or about January 2013 and continuing through at least on or about October 22, 2013, in the Northern District of California, the defendant,

WING WO MA,

together with others, known and unknown, knowingly and intentionally conspired to manufacture and to distribute and to possess with intent to distribute a Schedule I controlled substance, specifically, 100 or more marijuana plants, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vii).

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B).

COUNT TWO:     (18 U.S.C. §§ 924(c)(1)(A) and 2 – Possession of Firearm in Furtherance of Drug Trafficking Crime and Use of Firearm During and In Relation to Drug Trafficking Crime)

2. In or about September and October 2013, and again on or about October 17, 2013, in the Northern District of California, the defendant,

WING WO MA,

knowingly possessed a firearm in furtherance of, and knowingly used, carried, and discharged a firearm during and in relation to, a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count One of this Second Superseding Indictment, and knowingly possessed and discharged a firearm during and in relation to the offense charged in Count One of this Second Superseding Indictment, and aided and abetted the same.

All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

COUNT THREE:     (18 U.S.C. §§ 924(j) and 2 – Use of Firearm Resulting in Death)

3. On or about October 17, 2013, in the Northern District of California, the defendant,

WING WO MA,

willfully and knowingly used and carried a firearm, during and in relation to a drug trafficking crime for

which he may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count One of this Third Superseding Indictment, and possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of a person, namely Jim Tat Kong and Cindy Bao Feng Che, through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and aided and abetted the same.

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

COUNT FOUR: (18 U.S.C. §§ 371, 666, 1343, and 1346 – Conspiracy to Commit Honest Services Fraud and Bribery)

## THE CONSPIRACY AND ITS OBJECTS

4. Beginning on a date unknown to the Grand Jury, but no later than 2008, and continuing through on or about October of 2013, in the Northern District of California and elsewhere, the defendant,

**WING WO MA,**

did knowingly and intentionally conspire with HARRY HU and with others, both known and unknown to the Grand Jury, to commit the following offenses:

    A.    wire fraud, that is: having devised and intending to devise a material scheme and artifice to defraud the citizens of Alameda County and the Alameda County District Attorney's Office of their right to the honest services of HU through bribery, to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346; and

    B.    bribery of an agent of an organization or agency receiving federal funds, that is: MA corruptly gave, offered, and agreed to give something of value to a person or persons, intending to influence and reward HU, an agent and employee of Alameda County, a state or local government or agency thereof, in connection with a transaction or series of transactions involving things of value of $5,000 or more, during years that Alameda County received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of

Federal assistance during each of the years of the conspiracy, in violation of Title 18, United States Code, Section 666(a)(2); and HU, being an agent and employee of Alameda County, a state or local government or agency thereof, corruptly solicited and demanded for the benefit of any person, and accepted and agreed to accept, something of value from a person or persons, intending to be influenced and rewarded in connection with a transaction and series of transactions involving things of value of $5,000 or more, during years that Alameda County received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of Federal assistance, during each of the years of the conspiracy, in violation of Title 18, United States Code, Section 666(a)(1)(B).

## MANNER AND MEANS OF THE CONSPIRACY

5.   HARRY HU (hereafter "HU") was a police officer with the Oakland Police Department from approximately 1981 to 2007. HU was an Investigator with the Alameda County District Attorney's Office from approximately 2007 to September 2018. In both positions, HU was a sworn California peace officer who owed a fiduciary duty and a duty of honest services to the Oakland Police Department, Alameda County, and the citizens of Oakland and Alameda County.

6.   WING WO MA, a/k/a "Mark Ma," a/k/a "Fat Mark," (hereafter "MA") was engaged in a construction business, including construction for marijuana cultivation. MA also claimed to be involved in construction projects as a means of soliciting investors into alleged investment opportunities. MA served as a confidential source for HU.

7.   It was a part of the conspiracy that MA, HU and their co-conspirators, known and unknown to the Grand Jury, would by bribery, deceit and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the Alameda County District Attorney's Office, an agency that receives Federal assistance, in that MA would give things of value to HU, and in return, HU would take official action or refrain from taking official action, in order to protect MA from prosecution and investigation by law enforcement agencies.

8.   It was further part of the conspiracy that MA provided HU gifts of monetary value that included airfare to Las Vegas on multiple occasions, free accommodation in high-end suites and hotel

rooms at Las Vegas casinos, meals, alcohol, hired hostesses at karaoke-type bars (sometimes called "PR Rooms"), free tickets to a music concert, and the use of a new Mercedes Benz, among other things.

9. It was further part of the conspiracy that HU knew or had reason to believe that MA was involved in illegal and/or fraudulent activity during the conspiracy period.

10. It was further part of the conspiracy that HU, in return for the gifts given to him and his associates by MA, would agree to take official action or refrain from taking official action as a peace officer, in order to protect MA from prosecution and investigation by law enforcement agencies.

## OVERT ACTS

11. The conspirators committed the following overt acts, among others, in furtherance of the conspiracy:

   A. From in or about 2008 to at least October 2013, MA provided things of value to HU including airfare, hotel accommodations, meals, alcohol, entertainment in bars and "PR rooms," and the free use of a Mercedes Benz, among other things of value.

   B. In December 2009, HU called an officer of the Oakland Police Department and told him MA was a witness for an investigation involving a large marijuana grow when, in fact, HU knew or had reason to believe MA was a suspect in the crime.

   C. In or about November 2008, HU invested in a construction project led by MA. HU later learned that MA's project was fraudulent and requested that MA repay HU's investment. At around the same time, MA's employee asked HU to help her obtain money owed to her by MA. This money partially represented an investment in MA's construction projects. HU ignored the request, so as not to jeopardize the repayment of his own investment from MA. Furthermore, HU did not report his knowledge or suspicion that MA was engaged in fraudulent activity, which perpetuated MA's fraud. MA repaid HU's investment. MA's employee was never repaid.

   D. In or about 2011, MA had a conversation with an associate engaged in the marijuana cultivation business during which MA offered HU's support to keep the associate from being in trouble with law enforcement.

   E. At various events between 2008 and 2013, MA solicited investors to various fraudulent investment projects. MA utilized HU's name as an investor and associate in order to give the appearance of dependability to the investments. HU was sometimes present when MA provided this type of reassurance to potential investors, and HU was aware that MA utilized HU's name to solicit investors.

   F. On or about October 22, 2013, MA was interviewed by agents of the Federal Bureau of Investigation and police officers from Mendocino County regarding the double murder of Jim Tat Kong and Cindy Chen. Immediately after the interview, MA contacted HU via cellular telephone and text messaging.

   G. On a date unknown to the Grand Jury, but shortly after October 22, 2013, MA and HU met to discuss the investigation into the double murder of Jim Tat Kong and Cindy Chen. Based on the bribery relationship they had maintained through the course of the conspiracy, HU understood that MA contacted HU to request that HU take official action to assist MA and protect him from investigation and prosecution.

   H. On or about October 22, 2015, HU was interviewed by agents of the Federal Bureau of Investigation. During that interview, HU knowingly and willfully made material false statements designed to conceal the relationship between MA and HU.

   I. On or about April 21, 2018, HU in part suggested to an individual, not a defendant herein, that she/he tell MA not to disclose the true relationship between HU and MA to agents of the Federal Bureau of Investigation.

   J. On or about July 13, 2018, HU made false statements to agents of the Federal Bureau of Investigation regarding his relationship with MA.

 All in violation of Title 18, United States Code, Section 371.

**FORFEITURE ALLEGATIONS:** (21 U.S.C. § 853; 18 U.S.C. §§ 924(d), 981(a)(1)(C); 28 U.S.C. § 2461(c))

 12. The factual allegations contained in Counts One through Four of this Third Superseding Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to

6

UNITED STATES V. WING WO MA
THIRD SUPERSEDING INDICTMENT

Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

13. Upon conviction of the offenses alleged in Counts One through Three, the defendant,

WING WO MA,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in any knowing violation of section 924 or any violation of any other criminal law of the United States.

14. Upon conviction of the offense alleged in Count Four, the defendant,

WING WO MA,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from any proceeds traceable to said violations.

15. Upon conviction of the offenses alleged in Count One of this Second Superseding Indictment, the defendant,

WING WO MA,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation, and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

16. If, as a result of any act or omission of the defendants, any of said property
   a. cannot be located upon the exercised of due diligence;
   b. has been transferred or sold to or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be vested in the United States and forfeited to the United States, pursuant to

1  Title 21, United States Code, Section 853(p), and 28 U.S.C. § 2461(c).

2      All in violation of Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21,
3  United States Code, Section 853(a)(1), (a)(2), (p); Title 28, United States Code, Section 2461(c); and
4  Rule 32.2 of the Federal Rules of Criminal Procedure.

6  DATED: October 11, 2018                          A TRUE BILL

                                                             FOREPERSON

10  ALEX G. TSE
    United States Attorney

13  STEPHANIE HINDS
    Deputy Chief, Criminal Division

15  (Approved as to form: _____)
16                          JOSEPH M. ALIOTO JR.
                           WILLIAM FRENTZEN
17                             Assistant United States Attorneys

UNITED STATES V. WING WO MA
THIRD SUPERSEDING INDICTMENT